## MOSS *vs.* THE STATE.

[APPEAL FROM COUNTY COURT.]

1. *Appeal from the county court to circuit court; complaint must be filed.*—Where a criminal case is tried in the circuit court, on appeal from the county court, it is essential that there should be a brief statement of "the complaint," signed by the solicitor, (Revised Code, § 4059,) and a proceeding without it, or waiver of it, is erroneous.

2. *Power of imprisonment; vested in judge*—In a case of petit larceny, the power of imprisonment is vested in the judge and not in the jury.— §§ 3708 and 3783, Revised Code.

APPEAL from the Circuit Court of Lowndes.
Tried before Hon. GEORGE. GOLDTHWAITE.

THE questions of law decided in the case, will be sufficiently understood from the opinion of the court.

Moss v. The State.

John Enochs, for the appellant.

Jno. W. A. Sanford, Attorney-General, *contra.*

A. J. WALKER, C. J.—In the very singular condition of the record in this case, it is difficult to decide whether the accused was tried under an indictment, or an informal charge brought by appeal from the county court. It·is immaterial to enquire how that was. In either aspect there must be a reversal. There is no indictment, or finding of an indictment, shown in the transcript. If it be deemed a proceeding by indictment, certainly the conviction can not be sustained.

It is equally certain that the conviction is not good in the absence of a brief written statement of the accusation, if the case be regarded as tried on an appeal from the county court. Upon the trial in the county court no written accusation, except the warrant of arrest, seems to be required.—Revised Code, § 4046. But in that court the trial is not before a jury, and is not final; but upon the demand of a jury by the defendant, the case is transferred to the circuit court, and after judgment by the judge of the county court, and appeal lies to the circuit court, where a trial *de novo* is had.—Revised Code, §§ 4047, 4048. The trial in the circuit court is of higher importance than that in the county court, because it is final, unless the case is carried to the supreme court for revision on decisions on points of law ; and besides, in the circuit court the trial is upon issue of fact before the jury. For these reasons the legislature very properly required that there should be a brief statement of the " complaint," signed by the solicitor.—Revised Code, § 4059.

The "complaint," or written accusation, required by the section last above noticed, is not found in the record. There is no waiver of it. It was a right of the accused, in the circuit court, to have such a writing, and a proceeding without it, or a waiver of it, is erroneous.

The jury found the defendant guilty of petit larceny, and assessed a fine of twenty-five dollars. The court superadded the punishment of nine months' imprisonment in jail. It is contended for the accused, that the court had

no power to impose such additional punishment. Construing §§ 3708 and 3783 together, we consider it clear, that the design of the law is to vest the power of imprisonment, in such a case as this, in the circuit judge, and that the jury have no authority over the question of imprisonment.

Reversed and remanded.