# Haynes *v.* The State.

### *Violating Prohibition Law.*

(Decided June 19, 1912.    59 South. 325.)

1. *Intoxicting Liquors; Violation.*—The giving of a drink by one person to another in a prohibited territory is a violation of the state prohibition laws, although the giving was at a time and place where no one else could see what was being done.

2. *Appeal and Error; Record; Want of Jurisdiction.*—Where no indictment was shown by the record and no complaint appears to have been filed by the solicitor, no jurisdiction is shown in the circuit court to try and determine a cause begun by warrant and affidavit, notwithstanding the judgment entry recites that defendant pleaded not guilty to an indictment; as for aught that appears, the case was still pending in the county court from whence the warrant and affidavit issued.

APPEAL from Dale Circuit Court.

Heard before Hon. MIKE SOLLIE.

Joe Haynes was convicted of violating the prohibition law and he appeals. Reversed and remanded.

J. E. Z. RILEY, for appellant. The court erred in permitting the affidavit to be amended.—*Perry v. The State,* 78 Ala. 22. The court erred in putting defendant on trial on the matters shown in the record.—Section 6730, Code 1907; *Moss v. The State,* 42 Ala. 547; *McGhee v. The State,* 115 Ala. 138. The filing of a complaint cannot be dispensed with except by consent of the defendant.—*Carlisle v. The State,* 76 Ala. 75.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Under defendant's own statement he was guilty.—Section 29½, Acts 1909, p. 90. The record sufficiently shows that section 6730, Code 1907, was complied with.

DE GRAFFENRIED, J.—It may be that this appeal may result in some good, in that it may be made to operate as a reminder to trial courts, clerks of trial courts, and the attorneys employed to represent parties who have cases to be tried in our courts, that the *record* of a case, no matter how small the case may be, should be so prepared as to conform to the requirements of the law. In this case the defendant, in open court, admitted that he had been guilty of an act which, if his admission was true, was a violation of the prohibition law. His admission, it is true, tended to show that he only violated the law by giving a friend, in a place where no one could see what was being done, a drink of whisky; but he had, under the law, no right to give his friend the drink at the time and place mentioned. The defendant's admission was the only evidence in the case; and he was there-

fore, if he told the truth, guilty of a violation of the law. While the manner in which the act was committed may strongly appeal to the trial court for an imposition of only a small fine and no imprisonment, the way in which the law was violated does not excuse its violation. And yet, while the above is true, we feel impelled to reverse this cause on account of the condition of the record.

We find, in the *record,* the following: (1) An affidavit, made on October 20, 1910, by one Donnell before a notary public and ex officio justice of the peace, charging the defendant with a violation of the prohibition laws. (2) A warrant of arrest, issued on said affidavit on said 20th of October, 1910, by the said notary public and ex officio justice of the peace, returnable to the county court of Dale county, and commanding the officer to whom it was directed to arrest the defendant on said charge. If the warrant was ever executed, there is nothing in the record indicating it. (3) A judgment entry of the circuit court of Dale county, in which it is recited that on April 19, 1911, at the spring term, 1911, of said court, "came the defendant in his own proper person, and the defendant, being duly and legally arraigned upon said *indictment,* for his plea thereto pleads not guilty," etc. The judgment entry, in proper form, shows the trial, conviction, judgment upon the conviction, the confession of judgment, sentence to hard labor, suspension of sentence pending the appeal, etc. The above constitutes the entire record proper in this case, as shown by the transcript.

1. The judgment entry recites that the defendant entered a plea of *not guilty* to an *indictment.* No indictment is in the record; and for reasons hereafter referred to we are satisfied that no indictment was ever preferred against the defendant. If the above was the only

defect in the record, we might hold that the word "in-dictment" appearing in the judgment was a mere clerical misprision, and disregard it.

2. There is, however, nothing in the record tending to show how the circuit court ever acquired jurisdiction to try the defendant. The affidavit and warrant of arrest place the case in the county court of Dale county; and, for aught that is shown by the *record,* the case is still pending in the county court of Dale county. If the defendant was ever tried in the county court, and an appeal taken from that court to the circuit court, the record fails to show it. When an appeal is taken from a judgment of conviction in the county court in a criminal case to the circuit court, the trial in the circuit court must be de novo; and section 6730 of the Code requires the solicitor to "make a brief statement of the cause of complaint," to sign it, and to file it in the cause. No such statement appears in this record, although the "brief statement," signed by the solicitor, is *essential* to a trial on such appeal. A proceeding without it, unless waived, is erroneous.—*Moss v. State,* 42 Ala. 546.

The present record must, in very many ways, be in the same situation as was the record in the above case of *Moss v. State;* for in that case we find the Supreme Court, through Walker, C. J., making use of the following language: "In the very singular condition of the record in this case, it is difficult to decide whether the accused was tried under an indictment or an informal charge brought by appeal from the county court. It is immaterial how that was. In either aspect there must be a reversal. There is no indictment or finding of an indictment shown in the transcript. If it be deemed a proceeding by indictment, certainly the conviction cannot be sustained. It is equally certain that the convic-

tion is not good in the absence of a brief written statement of the accusation, if the case be regarded as tried on an appeal from the county court."

3. There is a bill of exceptions in the transcript, and when we get into that the confusion is increased. If the bill of exceptions tells the truth, the defendant, against his timely objection and over his timely protest, was tried upon an affidavit made by Donnell on April 19, 1911, before the circuit clerk of Houston county, which affidavit, while it is set out in the bill of exceptions, does not appear in the record at all.

4. Of course, we realize that this is a small case, and that, for that reason, it is probable that it is presented to us in its present condition. It must be remembered, however, that the law requires the same care in court procedure in small cases as it does in large cases, and that a rule declared in a small case may, some day, become the rule which must govern a court's action in a case of grave importance.

It is plain from what we have above said that we are of opinion that in the trial of this case the court below committed reversible error.

Reversed and remanded.