(81 South. 345)

HOWARD v. STATE. (1 Div. 314.)

(Court of Appeals of Alabama. March 18, 1919.)

1. CRIMINAL LAW ⬳260(13) — APPEAL — TRIAL DE NOVO—STATEMENT OF CAUSE OF COMPLAINT.

Where no brief statement of the cause of complaint was filed by the solicitor on appeal from county to circuit court, as required by Code 1907, § 6730, and there was no waiver of the required statement, a conviction will be reversed.

2. TRESPASS ⬳83—UNLAWFUL ENTRY UPON LAND TO OBTAIN CRUDE TURPENTINE.

In order to sustain a conviction under Code 1907, § 7837, it must be shown beyond a reasonable doubt that defendant knowingly and willfully, and without the consent of the owner, entered upon the lands of the person or corporation named in the complaint, or upon the lands of the state, and cut, girdled, or boxed pine trees for the purpose of obtaining crude turpentine, etc.

3. TRESPASS ⬳83 — PINE TREES—"GIRDLE."

The word "girdle," as used in Code 1907, § 7837, relating to unlawful entry upon land of another to girdle trees for the purposes of obtaining crude turpentine, etc., means the cutting off of a ring of bark around the trunk of the tree.

[Ed. Note.—For other definitions, see Words and Phrases, Girdle.]

4. TRESPASS ⬳83—PINE TREES—"BOXING OF PINE TREES."

The words "boxing of pine trees," within the meaning of Code 1907, § 7837, relating to unlawful entry upon land to box pine trees for the purpose of obtaining crude turpentine, etc., cannot be said to be equivalent to "hanging of cups upon timber."

5. TRESPASS ⬳89—"CUTTING" PINE TREES.

Whether the placing of lightwood streaks upon timber for the purpose of procuring crude turpentine was a "cutting" of such trees as contemplated by Code 1907, § 7837, relating to the unlawful entry upon and cutting of trees for the purpose of obtaining crude turpentine, etc., *held* for the jury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cutting.]

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

———

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

James M. Howard was convicted of unlawfully entering the lands of another and cutting, girdling, or boxing pine trees for the purpose of obtaining crude turpentine, and he appeals. Reversed and remanded.

Granade & Granade, of Chatom, for appellant.

F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] This prosecution originated in the county court, and from a judgment of conviction in that court the defendant appealed to the circuit court, and was there tried and convicted under the original complaint. No brief statement of the cause of complaint was made by the solicitor as required by section 6730 of the Code of 1907, and the record here fails to show a waiver of the required statement. This was error. Moss v. State, 42 Ala. 546; Haynes v. State, 5 Ala. App. 167, 59 South. 325. The record in the instant case is very similar to the records in the Moss Case and Haynes Case, supra. The judgment entry recites that the defendant was arraigned and pleaded to an indictment, when in fact no indictment had been preferred, and while it is disclosed by the record that the defendant in the county court moved for and was granted an appeal to the circuit court, it nowhere appears that said appeal was ever perfected or how jurisdiction of this cause was ever acquired by the circuit court. Many of the criticisms of the record in the two cases above cited are applicable here and manifest still further the necessity of greater care in the preparation of every record and that the law and rules applicable thereto should be followed.

The defendant was tried and convicted for the offense denounced by section 7837 of the Code of 1907, and it is insisted, among other things, that under all the evidence in the case the defendant was entitled to the general affirmative charge requested by him in writing and refused by the court.

[2] In order to sustain a conviction under section 7837 of the Code, it must be shown by the evidence, beyond a reasonable doubt, that the defendant did knowingly and willfully, and without the consent of the owner, enter upon the lands of the person or corporation named in the complaint, or upon the lands of the state, and cut, or girdle, or box pine trees for the purpose of obtaining crude turpentine, etc.

[3, 4] Pretermitting the constituent elements necessary to constitute the offense, that of being willfully and knowingly done without the consent of the owner, there is no evidence to show that the defendant girdled or boxed pine trees of which the United States Lumber & Cotton Company, a

corporation, was the owner. The word "girdle" is used in speaking of the girdling of trees, and it means the cutting off of a ring or bark around the trunk of the tree. In common acceptation it means to encircle, or "to make a circular incision through, as through the bark and alburnum of a tree." Webster's Unabridged Dict. And it cannot be said that the "hanging of cups upon timber" is equivalent to "boxing of pine trees."

[5] It was conceded, however, that the defendant did place lightwood streaks upon the timber for the purpose of procuring crude turpentine therefrom. As to whether or not this was a "cutting" of said trees as contemplated by the statute, and as to whether or not it was knowingly and willfully done, under the evidence in this case, was a question for the jury, and the court did not err in refusing the general affirmative charge requested by the defendant.

For the errors pointed out, the judgment of conviction in the court below must be reversed, and the cause remanded.

Reversed and remanded.