(81 South. 858)

PERRY v. STATE.     (8 Div. 644.)

(Court of Appeals of Alabama.   May 20, 1919.)

1. CRIMINAL LAW ⊝═260(7) — APPEAL TO COUNTY COURT—RECORD—RETURN OF ORIGINAL WARRANT.

If the original warrant, sworn to before a justice of the peace, charging defendant with offense of carrying a concealed weapon, was made returnable to county court, the fact should have been shown by the record on appeal to circuit court, as otherwise no jurisdiction of the case was shown to have been vested in county court.

2. CRIMINAL LAW ⊝═260(7, 13) — APPEAL FROM COUNTY COURT TO CIRCUIT COURT— RECORD—TRIAL DE NOVO.

Upon appeal from a conviction in the county court to the circuit court, the record should disclose that the necessary steps have been taken to perfect the appeal, as prescribed by Code 1907, § 6725, and thereupon the trial in circuit court should be de novo and without indictment and presentment by the grand jury.

3. CRIMINAL LAW ⊝═260(13) — APPEAL — STATEMENT OF CAUSE OF COMPLAINT.

Where the solicitor did not make a brief statement of the cause of complaint, signed by him, etc., in the circuit court, as required by Code 1907, § 6730, it was error, unless such statement was waived, to place defendant upon trial in circuit court on appeal from a conviction in the county court.

4. CRIMINAL LAW ⊝═696(3) — APPEAL — ASSIGNMENT OF ERROR — EXCLUSION OF EVIDENCE.

The proper practice is to assign as grounds the failure of evidence to establish a prima facie case, and where no grounds are assigned, the court should not be put in error for overruling defendant's motion to exclude the evidence.

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Jesse Perry was convicted of carrying a concealed weapon, and he appeals. Reversed and remanded.

Fred Wall, of Athens, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BRICKEN, J. [1-3] The record in this cause presents rather an unusual state of affairs. First, it is shown that an affidavit was made before a justice of the peace charging this defendant with the offense of carrying a concealed pistol about his person. Without more, we next find a judgment of guilt in the county court of Limestone county. Next we find that the cause is tried in the circuit court of said county, upon what process it is not shown, and from a judgment of conviction in said court this appeal is taken. If the original warrant sworn out before the justice of the place was made returnable to the county court, this fact should have been shown by the record; otherwise no jurisdiction of the case is shown to have been vested in the county court. And upon appeal from conviction in the county court to the circuit court the record should disclose that the necessary steps had been taken to perfect the appeal. Code, § 6725. Thereupon the trial in the circuit court should be de novo, and without indictment or presentment by the grand jury; "but the solicitor shall make a brief statement of the cause of complaint, signed by him," etc. (Code 1907, § 6730), and, unless this statement is waived, it is error to place the defendant upon trial in the circuit court in cases appealed from a judgment ·of conviction in the county court. Moss v. State, 42 Ala. 546; Haynes v. State, 5 Ala. App. 167, 59 South. 325; James M. Howard v. State,, ante, p. 9, 81 South. 345.

In the instant case no such statement of the cause of complaint was signed by the solicitor, nor filed in the cause, nor is such statement shown to have been waived; therefore, under the authorities of the cases supra, the judgment of conviction must be reversed, and the cause remanded.

[4] We are not prepared to hold that the court erred in overruling the motion of defendant to exclude the evidence. The appellant simply moved the court to exclude the evidence without assigning any grounds therefor. The proper practice in such cases is to assign as grounds the failure of the evidence to establish a prima facie case, and where no grounds are assigned, the court should not be put in error for overruling the motion.

Moreover, while it is conceded that the evidence in this case is by no means strong and conclusive, we are of the opinion that it affords an inference, if believed by the jury, upon which a verdict of guilt could be predicated.

Reversed and remanded.

---

⊝═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes