(84 South. 859)

PEEPLES v. STATE.        (5 Div. 330.)

(Court of Appeals of Alabama.   May 12, 1920.)

CRIMINAL LAW ⟨⟩1086(2)—CONVICTION BY CIRCUIT COURT REVERSED, IN ABSENCE OF RECORD SHOWING HOW IT OBTAINED JURISDICTION.

Where there is nothing in the record to indicate appeal was taken from county to circuit court in prosecution for unlawfully carrying a pistol, and nothing to show how circuit court obtained jurisdiction, no brief statement of case having been filed by the solicitor in circuit court, as required by Code 1907, § 6730, judgment of conviction by circuit court must be reversed.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Ben Peeples was convicted of unlawfully carrying a pistol, and he appeals. Reversed and remanded.

J. Q. Smith, Atty. Gen., for the State.

MERRITT, J. This appeal is upon the record proper, without a bill of exceptions.

The record shows that this prosecution, which was for the offense of unlawfully carrying a pistol, originated in the county court, and so far as this court may know, from the record, the cause is still pending in the county court of Elmore county, notwithstanding this appeal is from a judgment of conviction rendered in the circuit court. If the case was finally determined in the county court, and an appeal taken from that court to the circuit court, there is nothing contained in the record before us to indicate this fact. Furthermore, there is nothing in this record to show how the circuit court obtained jurisdiction of this case. No "brief statement of the cause" was filed by the solicitor in the circuit court as required by law. Code 1907, § 6730.

For these errors and omissions, apparent on the record, the judgment of the circuit court is reversed. and the cause remanded. Moss v. State, 42 Ala. 546: Haynes v. State, 5 Ala. App. 167, 59 South. 325; Howard v. State, ante, p. 9, 81 South. 345; Perry v. State, ante, p. 80, 81 South. 858.

Reversed and remanded.