(88 South. 47)

LATIKOS v. STATE. (1 Div. 375.)

(Court of Appeals of Alabama. Feb. 1, 1921.)

1. CRIMINAL LAW &⟿90(2) — RECORDER'S COURT HAD JURISDICTION OF OFFENSE OF RECEIVING STOLEN GOODS.

Under Code 1907, § 1221, the recorder's court of the city of Mobile had jurisdiction finally to try and determine a prosecution for buying, receiving, concealing, or aiding in concealing two boxes of cigars of the value of $6, the personal property of another, knowing it was stolen, etc., a misdemeanor.

2. CRIMINAL LAW &⟿1086(2)—SHOWING HOW CIRCUIT COURT ACQUIRED JURISDICTION NECESSARY ON APPEAL.

On appeal from conviction in the circuit court, it is necessary that there should be affirmative showing by the record of how the circuit court acquired jurisdiction of the cause begun in the recorder's court of the city of Mobile.

3. WITNESSES &⟿337(6) — FACT DEFENDANT CONVICTED OF RECEIVING STOLEN PROPERTY ADMISSIBLE TO AFFECT CREDIBILITY THOUGH APPEAL PENDING.

Under Code 1907, § 4009, in a prosecution for receiving or concealing stolen goods, the state was properly permitted to show, on cross-examination of defendant testifying as a witness, that defendant had formerly been convicted of receiving stolen property, the testimony being admissible only to affect his credibility as a witness, and the fact there was an appeal pending from the judgment of former conviction not rendering it incompetent.

4. CRIMINAL LAW &⟿304(16)—COURT TAKES JUDICIAL NOTICE OF OWN ACTION IN REVERSING PRIOR CONVICTION.

The Court of Appeals judicially knows that defendant's former judgment of conviction was on a subsequent day reversed and remanded by the court.

5. WITNESSES &⟿337(5) — PARTICULARS OF CHARGES ON WHICH DEFENDANT PREVIOUSLY CONVICTED INADMISSIBLE.

It may be shown that a witness, though he be defendant, has been previously convicted of crime involving moral turpitude, the purpose being to attack his credibility, but on trial of the defendant in a criminal case it is not permissible to go into the particulars of charges on which he has been previously convicted.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Mitchell Latikos was convicted of buying, receiving, or concealing stolen property, and he appeals. Reversed and remanded.

See, also, ante, p. 592, 88 South. 45.

C. W. Tompkins and Brooks & McMillan, all of Mobile, for appellant.

Statements made in the absence of the defendant are not admissible. 87 Ala. 24, 5 South. 829; 105 Ala. 60, 17 South. 114; 109 Ala. 11, 19 South. 535. Hearsay evidence is not admissible. 156 Ala. 44, 47 South 302. It was competent to show that a similar prosecution was pending against the witness Leland. 6 Ala. App. 27, 60 South. 446; 140 Ala. 65, 37 South. 233. The court erred in permitting the details of a previous conviction. 160 Ala. 107, 49 South. 678.

J. Q. Smith, Atty. Gen., and Lamar Fields, Asst. Atty. Gen., for the State.

What McCant said to Leland when he handed him the cigars was admissible. 177 Ala. 17, 59 South. 205. No predicate was laid to impeach Leland by contradictory statements. 196 Ala. 249, 72 South. 110. At any rate, the question was answered. Ante, p. 421, 84 South. 871. The court properly allowed the state to show the former conviction of the defendant. Section 4009, Code 1907; 131 Ala. 48, 31 South. 572.

MERRITT, J. [1] This prosecution originated in the recorder's court of Mobile. The record discloses the fact that the original affidavit in that court charged this defendant with the offense of buying, receiving, concealing, or aiding in concealing two boxes of cigars of the value of $6, the personal property of Ogburn-Griffin Grocery Company, a corporation, knowing that it was stolen, and not having the intent to restore it to the owner. This charge being a misdemeanor, the said recorder had jurisdiction to finally try and determine the same and to render judgment therein. Code 1907, § 1221.

[2] Upon this affidavit a warrant was issued for the arrest of this defendant for the alleged offense and was signed by one D. H. Eddington, recorder of the city of Mobile. This warrant was returnable to the recorder's court, but, if the warrant was ever executed, there is nothing in this record to indicate it. And as the record in this case contains no judgment in said recorder's court, or other adjudication thereof, as far

as this court may know, the cause must be still pending in said recorder's court of the city of Mobile. This being true, there is nothing to show how the circuit court of Mobile county, the judgment from which this appeal is taken, acquired jurisdiction of this cause. It is necessary that this should affirmatively appear by the record. Moss v. State, 42 Ala. 546; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Howard v. State, 81 South. 345;[1] Perry v. State, 81 South. 858;[2] Peeples v. State, ante, p. 430, 84 South. 859.

On the trial of this defendant in the circuit court it appears that the state relied principally upon the testimony of the witness Clarence Leland, who testified, among other things, that he had been in the employ of the Ogburn-Griffin Grocery Company, and that he delivered the two boxes of cigars, which he knew had been stolen by another negro, one McCants, to defendant, and that he himself had been discharged from the employ of said Ogburn-Griffin Grocery Company for stealing, and was not at the time in their employ.

[3, 4] On cross-examination of the defendant while testifying as a witness in his own behalf the court permitted the state, over the objection of the defendant, to show by said witness that he had formerly been convicted of receiving stolen property. There was no error in this ruling of the court. Code 1907, § 4009; Prov. Life & Accident Ins. Co. v. Black, 15 Ala. App. 437, 73 South. 757; Sims v. State, 14 Ala. App. 24, 70 South. 959; Wells v. State, 131 Ala. 48, 31 South. 572. This testimony was permissible for the purpose of affecting his credibility as a witness only, and the fact that there was an appeal pending from the judgment of former conviction did not render this testimony incompetent. Viberg v. State, 138 Ala. 100, 35 South. 53, 100 Am. St. Rep. 22. By a reversal of the judgment appealed from only could this burden upon his testimony be removed. And, while it cannot affect the ruling of the court complained of, this court judicially knows that the said former judgment of conviction was on a subsequent day reversed and remanded by this court. Latikos v. State (November 9, 1920) ante, p. 592, 88 South. 45.

[5] As before stated, it may be shown that a witness, even though he be the defendant, may be examined touching his conviction for crime involving moral turpitude. the purpose of which goes to his credibility; but upon the trial of a defendant in a criminal prosecution it is not permissible to go into the particulars of charges upon which the defendant had been previously convicted. Waters v. State, 117 Ala. 108, 22 South. 490. In the instant case the court permitted the solicitor, over the objection of the defendant,

to inquire into the particulars of the former conviction and required the defendant to give the details in connection therewith. This was error, for it is clear that, if the defendant is made to answer as to the particulars and details of the former conviction, he in turn, under the general rules of evidence, could offer evidence in rebuttal thereof, and this in effect would result in the retrying of the issues of the former case, which issues had been concluded by the judgment rendered therein; in other words, the fact of the former conviction of the witness of a crime involving moral turpitude is admissible, but the particulars and details of such conviction are not.

For the error apparent on the record, and for the error in the ruling of the court upon the testimony above noted, the judgment of conviction in the circuit court is reversed. and the cause remanded.

Reversed and remanded.