(93 South. 56)

## KIRKHAM v. STATE. (2 Div. 241.)

(Court of Appeals of Alabama. April 4, 1922.)

1. Criminal law ⬅400(3)—Better practice to use original minutes of commissioners' court, when available, instead of certified copy.

Where the original minutes of the commissioners' court of the county, showing the adoption of rules and regulations for working public roads, under Acts 1915, p. 573, were available, it would have been better to use them, rather than a certified copy.

2. Highways ⬅151(2)—In prosecution for failure to work road, motion to exclude evidence improperly overruled.

On trial for failure to work road, under affidavit charging that no part of road was more than six miles from defendant's residence, where rules and regulations proved provided that no one should be required to work over four miles from his residence and place of business, and the evidence was that the road was not over six miles from defendant's residence, defendant's motion to exclude the evidence for failure to show that he was liable for road duty should have been granted.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Jake Kirkham was convicted for failure to work the public roads, and he appeals. Reversed and remanded.

S. W. Compton, of Linden, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. This case was appealed from the county court, where the defendant was convicted of a failure to work the road, after being warned to do so. No statement of the cause of the complaint was filed by the solicitor in the circuit court, as required by section 6730 of the Code, and the record here fails to show a waiver of the required statement. Howard v. State, 17 Ala. App. 9, 81 So. 345; Moss v. State, 42 Ala. 546; Haynes v. State, 5 Ala. App. 167, 59 So. 325.

[1] There appears to have been no reason for the use of the certified copy of the minutes of the commissioners' court of Marengo county, showing the adoption of the rules and regulations for the working and maintenance of the public roads in said county, under Acts 1915, p. 573, as was done in this case, for the record discloses that the original minutes were available. This being so, it would have been the better practice to have used the original minutes rather than the copy.

[2] The affidavit under which the defendant was tried and convicted charged that no part of the road that the defendant was warned to work was more than six miles distant from his residence. In section 2 of the certified copy of the rules and regulations adopted by the commissioners' court of Marengo county, for the working of the public roads therein, the copy introduced in evidence, it is provided:

"No road hand shall be required to work on a public road which is over four miles from both his residence and his place of business."

The witness for the state who testified as to giving warning to the defendant to work the road said:

"It was a public road, and not over six miles from Mr. Kirkham's [defendant's] residence."

In view of these facts, the court was in error in overruling the defendant's motion to exclude the evidence, because it failed to show that the defendant was liable for road duty in Marengo county.

For the errors pointed out, the judgment must be reversed.

Reversed and remanded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes