(98 South. 488)

## COLLINS v. STATE. (6 Div. 339.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

**1. Jury ⊚⇒25(6)—Demand for jury held too late.**

Where judgment of conviction for misdemeanor was rendered in county court on January 30, 1923, and defendant was allowed 5 days in which to appeal to the circuit court under Loc. Acts 1919, p. 121, § 30, and on February 3d he gave notice of appeal, and on February 7th a certified transcript of the proceedings in the county court was filed with the clerk of the circuit court, the appeal was taken on February 3d, and a demand for a jury, made on March 8th, more than 30 days thereafter, came too late, under Gen. Acts 1915, p. 939, § 2.

**2. Criminal law ⊚⇒260(13)—Error to try defendant in circuit court on affidavit made in county court.**

Where, on appeal to circuit court from county court, no complaint or information was filed by the solicitor, as required by Code 1907, § 6730, and defendant was tried on the original affidavit made in the county court, it must be held that there was reversible error, in the absence of a waiver appearing in the record.

Appeal from Circuit Court, Jefferson County; Walter B. Jones, Judge.

Lewis E. Collins was convicted of obtaining the sum of $10 by false pretenses, and appeals. Reversed and remanded.

M. B. Grace, of Birmingham, for appellant.

Defendant was deprived of his constitutional right to trial by jury, and judgment should be reversed. Const. 1901, § 11; Lewis v. State, 123 Ala. 86, 26 South. 516; Curlee v. State, 16 Ala. App. 62, 75 South. 268.

Jim Davis, Sol., of Birmingham, for the State.

The demand for trial by jury not having been made within the time required by law, it was properly denied. Acts 1915, p. 939; Loc. Acts 1919, p. 129; Kreutner v. State, 16

Ala. App. 553, 80 South. 127; Benjamin v. City of Montgomery, 16 Ala. App. 653, 81 South. 145; McCaig v. State, 16 Ala. App. 581, 80 South. 155; Ex parte McCaig, 203 Ala. 699, 83 South. 927.

FOSTER, J. [1] The prosecution was commenced in the Jefferson county court of misdemeanors. Judgment of conviction was rendered in the county court on January 30, 1923. The defendant was allowed 5 days in which to appeal to the circuit court. Local Acts 1919, p. 121, § 30. On February 3d the defendant gave notice of appeal. On February 7th a certified transcript of the proceedings in the county court was filed with the clerk of the circuit court. The appeal was taken on February 3d. The demand for a jury was made on March 8th, more than 30 days thereafter, and came too late. Acts 1915, p. 939, § 2.

[2] The cause was tried in the circuit court on the original affidavit made in the county court. No complaint or information was filed by the solicitor, as required by section 6730, Code 1907. There is nothing in the record to show a waiver by the defendant of the filing of such complaint or information.

In the absence of this statement required by statute, or a waiver appearing in the record, it was error to put the defendant to trial on the original affidavit. Moss v. State, 42 Ala. 546; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Kirkhan v. State, 18 Ala. App. 426, 93 South. 56; Peeples v. State, 17 Ala. App. 430, 84 South. 859; Perry v. State, 17 Ala. App. 80, 81 South. 858; Howard v. State, 17 Ala. App. 9, 81 South. 345.

For the errors above indicated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.