(98 South. 488)

COLLINS v. STATE.  (6 Div. 341.)

(Court of Appeals of Alabama.  Dec. 18, 1923.)

1. **Jury** ⬤⟲25(6)—**Time for demanding jury trial, on appeal to circuit court, held to run from time of giving notice of appeal.**

Where judgment of conviction was rendered in county court for misdemeanor on January 30th and February 3d, defendant, acting under section 30 of the act creating the Jefferson county court of misdemeanors (Loc. Acts 1919, pp. 121, 129), gave notice of appeal to the circuit court, and on February 7th the judge of the county court, in compliance with Code 1907, § 6726, handed a certified transcript of the proceedings and judgment to the clerk of the Tenth judicial circuit, it must be held that the appeal was taken February 3d, and defendant's right to demand a jury trial, under Gen. Acts 1915, p. 939, § 2, dated from February 3d, and not from February 7th.

2. **Criminal law** ⬤⟲260(13)—**Solicitor on appeal from county court must make brief statement of cause of complaint.**

In the absence of a statement of the cause of complaint signed by the solicitor on appeal by defendant from a conviction for misdemeanor in county court, required by Code 1907, § 6730, or a waiver appearing in the record, the appellate court must hold that a conviction of the defendant in the circuit court upon the affidavit made in the county court was reversible error.

Appeal from Circuit Court, Jefferson County; Walter B. Jones, Judge.

Lewis E. Collins was convicted of passing a worthless check, and appeals. Reversed and remanded.

M. B. Grace, of Birmingham, for appellant.

The appellant was deprived of his constitutional right to a trial by jury, and the judgment should be reversed. Const. 1901, § 11; Lewis v. State, 123 Ala. 86, 26 South. 516; Curlee v. State, 16 Ala. App. 62, 75 South. 268.

Jim Davis, Sol., of Birmingham, for the State.

The demand for trial by jury, not having been made within the time required by law, was properly denied. Acts 1915, p. 939; Loc. Acts 1919, p. 129; Kreutner v. State, 16 Ala. App. 553, 80 South. 127; Benjamin v. City of Montgomery, 16 Ala. App. 653, 81 South. 145; McCaig v. State, 16 Ala. App. 581, 80 South. 155; Ex parte McCaig, 203 Ala. 699, 83 South. 927.

SAMFORD, J.  [1] The prosecution was begun by affidavit in the Jefferson county court of misdemeanors. On January 30th judgment of conviction was rendered in the county court. February 3d defendant, acting under section 30 of the act creating the Jefferson county court of misdemeanors (Local Acts 1919, pp. 121, 129), gave notice of appeal to the circuit court of Jefferson county. On February 7th, the judge of the Jefferson county court, in compliance with section 6726 of the Code of Alabama, handed a certified transcript of the proceedings and judgment to the clerk of the Tenth judicial circuit. Under the local act, supra, the defendant was allowed 5 days in which to take the appeal. This he did on February 3d, being within the time. The transcript necessary to evidence the jurisdiction of the circuit court was not filed until February 7th, but none the less the defendant had taken his appeal, and from that time on any rights he had were to be litigated in the circuit court, and not in the county court, and his right to demand a jury trial, under Acts 1915, p. 939, § 2, dated from February 3d, and not from February 7th. Not having filed the demand for jury trial within 30 days, the trial court correctly held the right of jury trial to have been waived.

[2] It appears, however, that in the circuit court the defendant was arraigned upon the affidavit made in the county court, when the statute Code 1907, § 6730, requires that, "the solicitor shall make a brief statement of the cause of complaint, signed by him." This does not appear from the record to have been done or to have been waived by the defendant. In the absence of this statement, so

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

required by statute, or a waiver appearing in the record, this court, following the rule laid down by Walker, C. J., in the case of Moss v. State, 42 Ala. 546, has consistently held the omission to constitute reversible error. Haynes v. State, 5 Ala. App. 167, 59 South. 325; Kirkhan v. State, 18 Ala. App. 426, 93 South. 56; Peeples v. State, 17 Ala. App. 430, 84 South. 859; Perry v. State, 17 Ala. App. 80, 81 South. 858; Howard v. State, 17 Ala. App. 9, 81 South. 345. Other questions need not be decided.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

(Court of Appeals of Alabama.   Dec. 18, 1923.)

