## OWENS v. STATE. (6 Div. 261.)

(Court of Appeals of Alabama. Feb. 12, 1924.)

1. **Criminal law ⟳260(13)—Solicitor's failure to file complaint in circuit court on appeal from court of misdemeanors ground for reversal.**

Where the solicitor, on appeal from the Jefferson county court of misdemeanors, established by Loc. Acts 1919, p. 121 et seq., section 30 of which provides for appeals to the circuit court in the manner provided for appeals from the county court, files no complaint in the circuit court as required by Code 1907, § 6730, the judgment of the latter court must be reversed.

2. **Criminal law ⟳1134(3) — Questions not likely to arise on retrial not decided.**

Questions which will probably not arise on retrial need not be decided, where the judgment must be reversed for another reason.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Dewey Owens was convicted of vagrancy, and appeals. Reversed and remanded.

Beddow & Ray, of Birmingham, for appellant.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Respective counsel argue points raised upon the trial of the case, but in view of the decision it is not necessary that briefs be here set out.

---

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BRICKEN, P. J. The appellant here, defendant in the court below, was convicted of being a vagrant. The prosecution was begun by affidavit and warrant in the Jefferson county court of misdemeanors. From a judgment of conviction in that court, the defendant appealed to the circuit court, was again convicted, and from the judgment of conviction in the circuit court this appeal is taken.

The act of the Legislature establishing the Jefferson county court of misdemeanors was approved on September 10, 1919. Local Acts of Alabama, 1919, p. 121 et seq. Section 30 of said act provides that appeals from judgments of conviction rendered by said court may be taken by the defendant to the circuit court of Jefferson county within five days after the rendition of said judgments and in the manner as is provided by law for appeals to be taken from the county courts of this state to the circuit courts of this state, and a jury trial may be had on demand of defendant as provided by law, and all appeals taken as herein provided for shall be tried de novo and be preferred cases in said circuit court, and shall be governed in all respects by the rules and regulations provided by law for the trial of appeals in the circuit courts from the county courts of this state, in so far as the same may be applicable.

The statute provided that, in appeals from the county court to the circuit court, "the solicitor shall make a brief statement of the cause of complaint, signed by him," etc. (Code 1907, § 6730), and it has been expressly held that in the absence of a waiver by the defendant, which must affirmatively appear by the record, the omission to file such complaint by the solicitor constitutes reversible error. Moss v. State, 42 Ala. 546; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Kirkham v. State, 18 Ala. App. 426, 93 South. 56; Peeples v. State, 17 Ala. App. 430, 84 South. 859; Perry v. State, 17 Ala. App. 80, 81 South. 858; Howard v. State, 17 Ala. App. 9, 81 South. 345; Collins v. State ante, p. 517, 98 South. 488.

[1] It appears from the record here that the defendant was put to trial in the circuit court upon the original affidavit or complaint in the Jefferson county court of misdemeanors, and no complaint was filed by the solicitor in the circuit court as the law requires. There was no waiver of the complaint by the accused; therefore, under the authority of the statute and cases cited hereinabove, the judgment appealed from must be reversed and the case remanded.

[2] Appellant's counsel, by brief, contend that the record is prevalent with errors. In fact, the insistences in this connection are innumerable. But, as the judgment must be reversed for the reason stated, it is not necessary to decide all or any of the questions presented, as they will probably not arise upon another trial of this case. Certainly not, if the well-settled rules announced and defined in the following cases are followed by the trial court. Wilson v. State, 17 Ala. App. 307, 84 South. 783, and cases cited; Wallace v. State 16 Ala. App. 85, 75 South. 633; Toney v. State, 60 Ala. 97; Wooster v. State, 55 Ala. 217.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.