## STINSON v. STATE. (4 Div. 947.)

(Court of Appeals of Alabama. Feb. 19, 1924.)

**Criminal law** ⟨key⟩260(13)—**Absence of complaint by solicitor held to require reversal.**

Where the complaint of the solicitor required by Code 1907, § 6730, has not been filed in the county court or in the circuit court on appeal thereto, nor waived by defendant, a judgment of conviction in the circuit court must be reversed on appeal.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Will C. Stinson was convicted of disturbing religious worship, and he appeals. Reversed and remanded.

E. C. Boswell, of Geneva, for appellant.

There was no information or complaint filed by the solicitor, and the record does not show the same was waived by the defendant. Code 1907, § 6730.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. We gather from the record in this case that the prosecution against this appellant for disturbing religious worship was begun by affidavit sworn to before a justice of the peace, and the warrant of arrest issued thereon was made returnable to the county court. In the county court he was tried and convicted and appealed to the circuit court.

The record contains no statement made and filed by the solicitor in the circuit court, nor is there anything in the record to show that this was waived by defendant. Moss v. State, 42 Ala. 546.

This condition of the record was noted by the Attorney General representing the state in this court before submission of this cause. He applied for a writ of certiorari directed to the clerk, requiring him to send to this court "the complaint filed in the circuit court by the solicitor." The returns to the writ of certiorari made by the clerk of the circuit court to whom it was directed, states:

"I have searched the records in the above-styled case and find that no complaint was ever filed in this case by the solicitor in either the county court or in the circuit court."

No complaint having been made and filed by the solicitor as required by section 6730 of the Code of 1907, and the defendant not having waived same, it becomes necessary to reverse the judgment of the lower court on account of this omission. Moss v. State, 42 Ala. 546; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Kirkham v. State, 18 Ala. App. 426, 93 South. 56; Peeples v. State, 17 Ala. App. 430, 84 South. 859; Perry v. State, 17 Ala. App. 80, 81 South. 858; Howard v. State, 17 Ala. App. 9, 81 South. 345.

Other questions need not be decided.

Reversed and remanded.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes