(107 So. 224)

## McKEE v. STATE. (8 Div. 353.)

(Court of Appeals of Alabama. Feb. 9, 1926.)

**Criminal law ⬥260(13)—On appeal from conviction in inferior court, it is error to place defendant on trial without signed statement by solicitor of cause of complaint (Code 1923, §§ 3212, 3843).**

On appeal from conviction in inferior court for injuring an animal, in violation of Code 1923, § 3212, it was error to place defendant on trial in circuit court without a statement by solicitor of cause of complaint, signed by him, as required by section 3843, when statement had not been waived.

Appeal from Circuit Court, Limestone County; J. E. Horton, Judge.

Ferril McKee was convicted of unlawfully injuring an animal, and he appeals. Reversed and remanded.

Irby Scott and J. G. Rankin, both of Athens, for appellant.

It is reversible error for the solicitor to fail to make a brief statement of the cause or complaint signed by him, unless waived by defendant. Code 1923, § 3843; Perry v. State, 81 So. 858, 17 Ala. App. 80; Jacobs v. State, 85 So. 837, 17 Ala. App. 396; Collins v. State, 98 So. 488, 19 Ala. App. 516; Stinson v. State, 99 So. 321, 19 Ala. App. 580.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Counsel do not argue in brief the question upon which the decision is rested.

RICE, J. Appellant was convicted of the offense denounced by section 3212 of the Code of 1923. The prosecution was begun in the inferior court of Athens, Ala., and, from his conviction there, defendant appealed to the circuit court of Limestone county. In that court the solicitor did not "make a brief statement of the cause of complaint, signed by him, etc." (Code 1923, § 3843), and, it not appearing that this was waived, it was error to place the defendant upon trial in the circuit court without it: Perry v. State, 81 So. 858, 17 Ala. App. 80, and cases therein cited.

We do not think it was error to overrule appellant's motion for a new trial on any of the grounds therein set forth. This will sufficiently indicate the views of the court to render it unnecessary to pass upon the other questions presented, which, indeed, may not arise upon another trial. For the error

pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.