(114 So. 674)

## HOLLIDAY v. STATE. (4 Div. 362.)

Court of Appeals of Alabama. Dec. 13, 1927.

Farmer, Merrill & Farmer, of Dothan, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. The statute known as the "public drunkenness" statute (Code 1923, § 3883) provides that, in order to constitute the offense, one must not only appear at the places mentioned while intoxicated, but must "manifest a drunken condition by boisterous or indecent conduct, or loud and profane discourse." We will not here say whether or not the evidence, as shown by the record before us, affords a "scintilla of proof" of the guilt of the defendant, which, under the rule prevailing in this state, would preclude his being entitled to have given at his request the general affirmative charge in his favor. But surely, if a motion had been made to set aside the verdict on the ground that it was contrary to the weight of the evidence, we would unhesitatingly say that it should have been granted.

The judgment appealed from must be reversed because of the failure of the record to disclose any jurisdiction acquired by the circuit court; the prosecution having been begun in the county court by affidavit and warrant. Perry v. State, 17 Ala. App. 80, 81 So. 858; Code 1923, § 3837.

Reversed and remanded.