(117 So. 2)

### WILLIS v. STATE. (4 Div. 361.)

Court of Appeals of Alabama. May 22, 1928.

T. E. Buntin and Farmer, Merrill & Farmer, all of Dothan, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. Under the statute, section 3258 of the Code of 1923, the duty devolves upon this court to consider all questions apparent on the record, as well as those reserved by bill of exceptions; and this statute also provides that, in criminal cases on appeal, no assignment of error is necessary.

Upon examination of this record we find that an affidavit was made by one John Hilson before H. K. Martin, judge of the county court, which charged this appellant with the offense of a violation of the prohibition laws of the state (Code 1923, § 4615 et seq.). Next there appears in the record a warrant of arrest issued by said Martin, judge of the county court, returnable to the county court.

Next in the record is a statement filed by the circuit solicitor in the circuit court, after which follows the judgment of conviction in the circuit court, from which this appeal was taken.

The status of this record is similar to that in the case of Jacobs v. State, 17 Ala. App. 396, 85 So. 837. In the Jacobs Case, this court said:

"This appeal purports to be from a judgment of conviction in the circuit court of Madison county, but nowhere in the record is it shown from what source the circuit court acquired jurisdiction of the case, nor is it shown upon what process the cause was tried in the circuit court. If the case was finally tried in the inferior criminal court, and judgment of conviction rendered against the defendant, and from such judgment an appeal was taken, these facts necessarily must affirmatively appear from the record. Haynes v. State, 5 Ala. App. 167, 59 So. 325; Perry v. State, 17 Ala. App. 80, 81 So. 858."

See, also, Holliday v. State, ante, p. 267, 114 So. 674.

No jurisdiction having been shown, by the record, in the circuit court, necessitates a reversal of the judgment of conviction in said court, and renders unnecessary a discussion of other points of decision involved upon this appeal.

Reversed and remanded.