168 So. 459

## IVEY v. STATE.

### I Div. 253.

Court of Appeals of Alabama.

May 19, 1936.

D. M. Boswell, of Butler, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This cause was submitted in this court upon motion and merits. The motion seeks to establish the bill of exceptions under the provisions of section 6436 of the Code 1923. The grounds of the motion are based upon the following facts as therein stated, and about which there is no conflict: The defendant, in the court below, was arrested upon an affidavit and warrant in the county court. The affidavit charged him with the offense of wanton or malicious injury to animals. The affidavit and warrant bore date of July 23, 1935, and the return of the sheriff showing the arrest of the defendant upon the warrant was dated July 24, 1935. The trial was had in the circuit court on October 2, 1935. The defendant was convicted, as charged, upon said date, and appealed from the judgment of conviction on that date. The motion states that before the expiration of the time allowed by law to present and have signed his bill of exceptions the trial judge died in another state; hence his motion to establish his bill of exceptions in this case. Upon the presentation of the purported bill of exceptions here, this court made the following order:

"The bill of exceptions in this cause was presented to the undersigned on this the 31st day of March 1936. Appellant allowed 30 days from this date to furnish proof of the correctness thereof. Said proof may be submitted by affidavit.

"Bricken, Presiding Judge."

In accordance with above order, appellant has filed in support of his motion numerous affidavits showing conclusively that the bill of exceptions sought to be established is a true and correct bill of exceptions in all respects. As to this there appears no controversy. The evidence in this connection consists of the affidavits of the court reporter who recorded the testimony on the trial of this case; also the clerk of said court who was in attendance upon the court at the time the case was tried; and the affidavit of defendant's counsel who represented appellant at the trial. The bill of exceptions as here presented and as incorporated in the transcript is hereby approved as a true and correct bill of exceptions in this cause under the provisions of section 6436 of the Code 1923. However, we need not advert to t' ɔ bill of exceptions because of the condition of the record. It is the duty of this court to consider all questions apparent on the record, or reserved by bill of exceptions, and to render such judgment as the law demands. We find this record replete with error, necessitating a reversal of the purported judgment from which this appeal was taken.

As stated, this prosecution originated in the county court upon the affidavit of one R. F. Allen, and the warrant issued thereon was made returnable to the next term of the county court, and defendant's appearance bond conditioned to appear before said county court at its next term, and from term to term thereafter, until discharged by law, to answer to an indictment pending against him in said court for the offense of unlawful injury to animals, etc.

There is nothing in this record to show what, if any, disposition was made of the case in the county court. So far as this record is concerned, the case may be still pending in the county court.

Next, we find that the case was tried upon the original complaint in the circuit court at the fall term, 1935, thereof. How the case got into the circuit court is not shown by the record, but, even if the necessary jurisdictional facts appeared, the case would have to be reversed for the failure of the solicitor to comply with the requirement of the statute by filing a brief statement of the cause of complaint; such statement not having been waived. Section 3843, Code 1923; Howard v. State, 17 Ala.App. 9, 81 So. 345, 346; 7 Alabama and Southern Digest, Criminal Law, ☞ 260 (13) to 261 (2), pp. 222 to 226, inclusive.

184

Under authority of Dunklin v. State, 134 Ala. 195, 32 So. 666, the affidavit in this case was fatally defective.

In Perry's Case, 17 Ala.App. 80, 81 So. 858, this court (as applicable to the case at bar) said:

"The record in this cause presents rather an unusual state of affairs. First, it is shown that an affidavit was made before a justice of the peace charging this defendant with the offense of carrying a concealed pistol about his person. Without more, we next find a judgment of guilt in the county court of Limestone county. Next we find that the cause is tried in the circuit court of said county, upon what process it is not shown, and from a judgment of conviction in said court this appeal is taken. If the original warrant sworn out before the justice of the peace was made returnable to the county court, this fact should have been shown by the record; otherwise no jurisdiction of the case is shown to have been vested in the county court. And upon appeal from conviction in the county court to the circuit court the record should disclose that the necessary steps had been taken to perfect the appeal. Code, § 6725. Thereupon the trial in the circuit court should be de novo, and without indictment or presentment by the grand jury; 'but the solicitor shall make a brief statement of the cause of complaint, signed by him,' etc. (Code 1907, § 6730), and, unless this statement is waived it is error to place the defendant upon trial in the circuit court in cases appealed from a judgment of conviction in the county court. Moss v. State, 42 Ala. 546; Haynes v. State, 5 Ala.App. 167, 59 So. 325; James M. Howard v. State [17 Ala.App. 9], 81 So. 345.

"In the instant case no such statement of the cause of complaint was signed by the solicitor, nor filed in the cause, nor is such statement shown to have been waived; therefore under the authorities of the cases, supra, the judgment of conviction must be reversed, and the cause remanded."

In Howard v. State, supra, this court said: "The judgment entry recites that the defendant was arraigned and pleaded to an indictment, when in fact no indictment had been preferred, and while it is disclosed by the record that the defendant in the county court moved for and was granted an appeal to the circuit court, it nowhere appears that said appeal was ever perfected or how jurisdiction of this cause was ever acquired by the circuit court. Many of the criticisms of the record in the two cases above cited are applicable here and manifest still further the necessity of greater care in the preparation of every record and that the law and rules applicable thereto should be followed."

Reversed and remanded.