# Russau *v.* The State.

### Petit Larceny.

#### (Decided August 1, 1916.   72 South. 596.)

1. **Criminal Law; Jurisdiction.**—The jurisdiction of the circuit court attaches in petit larceny cases only by indictment preferred by a grand jury empaneled in that court, or on appeal from some court having jurisdiction of the offense, and over which the circuit court exercises appellate jurisdiction.

2. **Same; Appeal; Record.**—Where the record on appeal from the circuit court contained what purported to be a certified copy of a judgment of a mayor's court similarly entitled, but contained no certificate of appeal from such court, and no appeal bond, such record showed no appeal originally from the mayor's court.

3. **Same; Dismissal.**—Where the judgment of the circuit court showing a conviction for petit larceny was not based upon an indictment originating in that court, nor on an appeal from a lower court, the judgment is not void, and will support an appeal, since the offense is one over which that court is given original jurisdiction.

4. **Same.**—Such judgment, however, is erroneous and will be reversed if not based on an indictment or on an appeal from the lower court.

5. **Same; Motion and Arrest of Judgment.**—A motion to arrest a judgment in the circuit court because not based upon an indictment, or upon an appeal from a lower court should be granted.

APPEAL from Barbour Circuit Court.

Heard before Hon. J. S. WILLIAMS.

Peter Russau was convicted of petit larceny and he appeals. Reversed and remanded.

CHAUNCEY SPARKS, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—The defendant was tried in the circuit court on a complaint filed by the solicitor charging petit larceny, to which he interposed a plea of not guilty. The issue thus formed, being submitted to a jury, was determined against him and he appeals.

(1, 2) The questions presented arise from the refusal of defendant's motion in arrest of judgment and motion for new trial. There are only two ways that the jurisdiction of the cir-

[Allsup v. The State.]

cuit court could attach in this case. The first is by indictment preferred by a grand jury impaneled in that court, and the second by appeal from some court over which the circuit court exercised appellate jurisdiction. It did not acquire jurisdiction in the method first indicated, and the only matter in the record to indicate how the case originated is what purports to be a certified copy of the judgment of the mayor's court of the city of Eufaula in a case styled "State v. Peter Russau." There is no certificate of appeal, appeal bond, or other matter in the record showing that an appeal was taken by the defendant to the circuit court.

(3) The offense of petit larceny is one over which the circuit court is given original jurisdiction, and for this reason the judgment of the court is not void, and will support an appeal.—*Ex parte Rodgers,* 12 Ala. App. 218, 67 South. 710. This fact distinguishes the case from *Gunter v. Mason,* 125 Ala. 644, 27 South. 843, and others following the principles there announced. The amounts in controversy in those cases were under the minimum jurisdiction of the circuit court, and not within its original jurisdiction.

(4, 5) However, the judgment was erroneous and the motion in arrest of judgment should have been granted.—*Clark v. State,* 46 Ala. 307; *Jones v. State,* 149 Ala. 63, 43 South. 28; *Lewis v. State,* 160 Ala. 121, 49 South. 753.

We have examined the evidence offered on the trial, and hold that it supported the finding and verdict of the jury.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.