(84 South. 863)

GUIN v. STATE. (5 Div. 303.)

(Court of Appeals of Alabama. Dec. 16, 1919.)

CRIMINAL LAW ☞1086(2) — RECORD MUST SHOW HOW LOWER COURT ACQUIRED JURISDICTION.

On appeal from conviction in the circuit court, in prosecution for violation of the prohibition law commenced in the county court, the case will be reversed, where it does not appear in the record how the case got from the county court to the circuit court, or how the circuit court acquired jurisdiction.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

William Guin was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Thomas A. Curry, of Clanton, and Longshore, Koenig & Longshore, of Columbiana, for appellant.

This cause must be reversed, on the authority of Haynes v. State, 5 Ala. App. 167, 59 South. 325.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The rule invoked by appellant has no application to offenses for violating the prohibition law. 81 South. 179; 82 South. 560.

MERRITT, J. The defendant was convicted in the circuit court of violation of the prohibition law and appeals.

Prosecution was begun by affidavit sworn out before the probate judge and made returnable before him. A warrant of arrest was executed by arresting the defendant, and the record nowhere shows any disposition of the case in the county court. There is a judgment entry reciting that in the circuit court the defendant was found guilty on an indictment. This clearly indicates, however, that the conviction was under an affidavit; but it nowhere appears in the record how the case got from the county court to the circuit court, or how the circuit court acquired jurisdiction. There is no bill of exceptions in the record; but, it not appearing how the circuit court acquired jurisdiction, the case must be reversed. Mims v. State, ante, p. 276, 84 South. 394.

Reversed and remanded.