(85 South. 836)

SIMS v. STATE. (7 Div. 614.)

(Court of Appeals of Alabama. April 6, 1920.)

1. CRIMINAL LAW ⊜400(3)—MINUTE BOOKS OF COURT OF COMMISSIONERS ADMISSIBLE TO SHOW EXISTENCE OF STOCK LAW.

In a prosecution for violating a stock law, it was proper for the state to introduce minute books of the court of county commissioners, which showed a declaration of stock law by the judge of probate, under Acts 1900-01, p. 170, being the highest and best evidence.

2. CRIMINAL LAW ⊜448(2)—QUESTION AS TO LOCATION OF LAND DID NOT CALL FOR CONCLUSION.

In a prosecution for violation of a stock law, court did not err in allowing the state to ask a witness, "Is your land that you said the cows were on, the wheat patch, in a stock law district in Etowah county?" such question not calling for a conclusion of the witness, but rather for testimony as to location of land alleged to have been trespassed upon.

3. ANIMALS ⊜57 — BURDEN ON STATE TO SHOW LACK OF CONSENT IN PROSECUTION FOR ALLOWING STOCK TO RUN AT LARGE.

In a prosecution, under Code 1907, § 7813, and Acts 1909, p. 42, the burden was on the state to prove that the owner of the land upon which the stock was allowed to run had not given his consent for the stock to run at large, where one of the issues in the case was whether the landowner had given his consent.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Gus Sims was convicted of violating the stock law, and he appeals. Affirmed.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant was indicted at the Spring term, 1919, of the circuit court of Etowah county. The indictment contained two counts; one drawn under section 7813 of the Code of 1907, and the other under an act of the Legislature of 1909. Acts 1909, p. 42. The defendant was put on trial on this indictment before the judge of the circuit court sitting without a jury, was convicted, and from the judgment of conviction, he appeals.

J. M. Miller, of Gadsden, for appellant.

Counsel discusses the errors assigned, but without citation of authority, further than to show that stock can run at large, unless prohibited by statute. 93 Ala. 427, 9 South. 378, 30 Am. St. Rep. 61.

J. Q. Smith, Atty. Gen., and M. C. Sivley, Sol., of Gadsden, for the State.

A person may testify that the land is within a particular district. 87 Ala. 441, 6 South. 349; 104 Ala. 33, 16 South. 135. The witness could also testify that the defendant owned the stock, or it had been under his control. 24 Ala. 9; 69 Ala. 79.

SAMFORD, J. The establishment of a stock law district in parts of beat 25 in Etowah county was by virtue of an act of the Legislature of Alabama. Acts 1900-01, p. 170. Under this statute, the probate judge, upon proper petition, was authorized to order an election, so that the qualified voters of the territory to be affected might determine the question whether certain stock should be prohibited from running at large. After the election had been held, it was the duty of the managers of the election to count the ballots and to certify the result of the election to the judge of probate. If a majority of the votes cast, as certified by the managers, was in favor of prohibiting such stock from running at large, it became the duty of the judge of probate to enter that fact on the minute books of the court of county commissioners; and when this was done it became unlawful, in such territory, for the owner of cows, as well as other animals named in the act, to permit them to go upon the land or crop of another within the prohibited territory.

[1] In order for the state to show that, at the time of the finding of the indictment and prior thereto, stock law existed in parts of beat 25, it was proper for the state to introduce Minute Books E. and D, which showed a declaration of stock law by the judge of probate of Etowah county for parts of beat 25. Being the minute books of the court of county commissioners, they were the highest and best evidence of the establishment of the stock law district for parts of beat 25, as provided by the act of the Legislature. These were the highest and best evidence of the facts necessary to be established, and the court did not err in overruling defendant's objections.

[2] The court did not err in allowing the state to ask the witness Marion McCluney the following question:

"Is your land that you said the cows were on—the wheat patch—in a stock law district in Etowah county?"

The question did not call for a conclusion of the witness, but called for testimony as to the location of the lands alleged to have been trespassed upon. The law fixes the status as to certain territory; the question whether the lands covered by the indictment were in such territory was a fact, which might be testified to by the witness, if he knew.

There was ample evidence to justify the court in its conclusion that the defendant either owned or controlled the stock alleged to have been allowed unlawfully to run at large, and also that the defendant knowingly permitted the cows to go upon the lands of McCluney.

[3] One of the issues in the case was whether the defendant knowingly permitted the cows to go upon the lands of Marion McCluney, within a stock law district, without the consent of said McCluney. It became necessary, therefore, for the state to prove that Marion McCluney had not given his consent for the stock to run at large. The court did not err in this ruling.

We have examined the other exceptions taken on the trial of this case, and are of the opinion that the court has not committed prejudicial error.

There is no error in the record, and the judgment is affirmed.

Affirmed.