(85 South. 837)

JACOBS v. STATE.  (8 Div. 695.)

(Court of Appeals of Alabama.  April 6, 1920.)

1. CRIMINAL LAW ⬤═1086(1)—PROCEEDING IN INFERIOR COURT MUST APPEAR IN RECORD ON APPEAL FROM CIRCUIT COURT.

On appeal to the appellate court from the circuit court in a case originating in the inferior criminal court in Madison county, a conviction must be reversed, unless it affirmatively appears from the record, if such was the case, that the case was finally tried in the inferior criminal court, and judgment of conviction rendered against the defendant, and from such judgment an appeal was taken.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. CRIMINAL LAW ⬿260(13) — ON APPEAL FROM INFERIOR COURT, CASE MUST BE TRIED ON BRIEF STATEMENT OF COMPLAINT.

If an appeal is taken to the circuit court from the inferior criminal court of Madison county, the case must there be tried upon a brief statement of complaint, signed by the solicitor, as provided by Code 1907, § 6732, unless such complaint is shown to have been waived by and with consent of the defendant.

3. CRIMINAL LAW ⬿400(3) — RECORDS OF COMMISSIONERS' COURT, SHOWING STOCK LAW, ADMISSIBLE.

In a prosecution for violation of a stock law, court properly admitted in evidence the records of the commissioners' court, which showed the duly established stock law.

4. ANIMALS ⬿57—PROOF REQUIRED IN PROSECUTION FOR VIOLATION OF STOCK LAW.

In a prosecution for knowingly permitting cattle to run at large and go upon the land of another without his consent, in violation of stock law, the state, as in all criminal cases, must offer evidence to prove each and every material allegation charged in the complaint.

5. ANIMALS ⬿57 — PROOF REQUIRED IN PROSECUTION FOR VIOLATION OF STOCK LAW.

In a prosecution for knowingly permitting cattle to run at large and go upon the land of another without his consent, in violation of stock law, the state must prove the existence of a duly and legally established stock law, that the cattle of defendant were running at large in that portion of the district complained of without the consent of the landowner, and that the defendant knowingly permitted the cattle to so run at large, etc.

6. CRIMINAL LAW ⬿308, 561(2)—DEFENDANT PRESUMED INNOCENT — ESSENTIAL FACTS MUST BE PROVEN TO SATISFACTION OF JURY BEYOND REASONABLE DOUBT.

In a prosecution for knowingly permitting cattle to run at large and go upon the lands of another without his consent, in violation of stock law, the essential facts must be proven to the satisfaction of the jury trying the case beyond a reasonable doubt, and the usual presumption of innocence attends the defendant.

7. ANIMALS ⬿57—EVIDENCE HELD INSUFFICIENT TO SUSTAIN CONVICTION FOR VIOLATING STOCK LAW.

In a prosecution for knowingly permitting cattle to run at large and go upon the land of another without his consent, in violation of stock law, evidence *held* insufficient to sustain a conviction.

8. ANIMALS ⬿57—OWNER NOT CRIMINALLY LIABLE FOR CATTLE RUNNING AT LARGE BY REASON OF UNKNOWN BROKEN PLACE IN FENCE.

If an owner in good faith placed his cattle within an inclosure used by himself and others as a pasture, and without his knowledge the fence of said pasture was broken, and the cattle passed through onto the lands of another, he would not be criminally liable as a consequence thereof for knowingly letting his cattle run at large and upon the lands of another without his consent, in violation of stock law.

9. STATUTES ⬿241(1) — PENAL STATUTES STRICTLY CONSTRUED.

Penal statutes must be strictly construed.

10. ANIMALS ⬿57—ALLOWING TO RUN AT LARGE MUST BE KNOWINGLY DONE.

Intent is not essence of offense of knowingly permitting cattle to run at large and to go upon the lands of another without his consent, in violation of stock law; but the wrongful act, if committed knowingly, would necessarily carry with it the intent of a criminal nature, for to act knowingly in defiance of any law of the land is to manifest a criminal intent.

11. CRIMINAL LAW ⬿24 — PRESUMED THAT EVERY PERSON INTENDS TO DO WHAT HE DOES.

It is presumed that every person intends to do what he does, and that the natural, necessary, and probable consequences of his acts were intended.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Frank Jacobs was convicted of knowingly permitting cattle to run at large and go upon the lands of another without his consent, in violation of the stock law regulations, and he appeals. Reversed and remanded.

Lanier & Pride, of Huntsville, for appellant.

Counsel insist that under the evidence the defendant was entitled to the affirmative charge, and also upon the ground that the name of the owner of the land trespassed upon was not alleged and proven. 11 Ala. App. 225, 65 South. 848.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Proof of possession was sufficient. He did not have to have actual title. Rule 35, C. C. P.; 155 Ala. 120, 46 South. 646. The complaint charged an offense. 147 Ala. 104, 41 South. 911. The records of the commissioners' court were admissible. 157 Ala. 599, 48 South. 84; Gus Sims v. State, post, p. 408, 85 South. 836.

BRICKEN, P. J. The defendant was convicted for the offense of knowingly permitting his cattle to run at large or go upon the lands of J. H. Durham without his consent, within a stock law district, etc. The prosecution originated in the inferior criminal court of Madison county; the affidavit of one J. H. Durham being sworn to and subscribed before Carter H. Rice, clerk of said court. The warrant of arrest was duly issued and made returnable before the judge of the inferior criminal court of Madison

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county, Ala., and, so far as this court may know from the record before us, the cause is still pending in the inferior criminal court.

[1, 2] This appeal purports to be from a judgment of conviction in the circuit court of Madison county, but nowhere in the record is it shown from what source the circuit court acquired jurisdiction of the case, nor is it shown upon what process the cause was tried in the circuit court. If the case was finally tried in the interior criminal court, and judgment of conviction rendered against the defendant, and from such judgment an appeal was taken, these facts necessarily must affirmatively appear from the record. Haynes v. State, 5 Ala. App. 167, 59 South. 325; Perry v. State, 81 South. 858.[1] If an appeal is taken to the circuit court, the cause must there be tried upon a brief statement of complaint, signed by the solicitor, as provided by Code 1907, § 6732, unless such complaint is shown to have been waived by and with the consent of defendant. Moss v. State, 42 Ala. 546; Haynes v. State, supra; Perry v. State, supra; Howard v. State, 81 South. 345.[2] These necessary requirements are not shown by the record; hence a reversal of the judgment of conviction in the circuit court must follow, under the authority of the cases above cited.

[3] As a result of the above holding, which is conclusive of this appeal, it would not appear to be necessary that other questions presented should be considered at this time; but, for the guidance of the court and counsel upon another trial of this case, we are of the opinion that the court committed no error in its rulings upon the admission in evidence of the records of the commissioners' court, which showed the duly established stock law in Triana precinct and in Whitesburg precinct of Madison county, Ala. From the evidence offered in this connection it appears that a stock law for the two precincts named was duly established. Gus Sims v. State, 85 South. 836 [3] (present term); Savage v. Wallace, 165 Ala. 572, 51 South. 605; Phillips v. Bynum, 145 Ala. 549, 39 South. 911; Commissioners v. Johnson, 145 Ala. 553, 39 South. 910.

[4-6] Of course, in this case, as in all criminal cases, the state must offer evidence to prove each and every material allegation charged in the complaint, which here consisted of (1) the existence of a duly and legally established stock law for the district in question; (2) that the cattle of the defendant were running at large in that portion of the district complained of—in this case, upon the lands of J. H. Durham, (3) without the consent of said J. H. Durham; (4) that defendant knowingly permitted such cattle to so run at large, etc.; and these facts must necessarily be proven to the satis-

faction of the jury trying the case beyond a reasonable doubt.

[7-11] The usual presumption of innocence attends the defendant in a case of this character, as in all other criminal cases, there being no difference in the rule here from that of any other criminal charge, and no unfavorable presumptions are to be indulged against the defendant in a charge or accusation of this character. From a careful examination of the evidence, as shown by the record in the case, it is very vague and uncertain as to whether the cattle of defendant were permitted to run, or did run, at large upon any land owned by J. H. Durham, and hence that portion of the complaint which charges that the cattle of defendant were permitted to run at large or go upon the lands of J. H. Durham, without the consent of J. H. Durham, the owner of said lands, appears not to have been established by the evidence in this case; the only testimony upon this subject being that of complainant, Durham, who merely testified, in reply to question by the solicitor, "Did any of the cattle get on your crop?" and the witness answered, "Yes."

We are of the opinion that this is not sufficient to properly establish or prove this material allegation of the complaint; and it appears to us that allegation 4 above referred to, "that defendant *knowingly* permitted such cattle to so run at large," fails utterly of having been established by any of the evidence contained in the record, nor does it appear that any such inference could fairly be drawn from the evidence or any part thereof. To the contrary, it appears without dispute that the defendant, not only did not knowingly permit his cattle to run at large in the prohibited stock law district, or upon the lands of Durham, but as a matter of fact had no knowledge that his cattle were out of the pasture on the Timmons' place, where he and other tenants had put their cattle, and the testimony is without conflict that defendant knew nothing of his cattle being out of said pasture until notified by Durham. If the defendant in good faith placed his cattle within an inclosure used by himself and others as a pasture, and without his knowledge the fence to said pasture was broken, and the cattle thus passed through onto the lands of Durham, we are of the opinion that the defendant would not be criminally liable as a consequence thereof.

Penal statutes must be strictly construed, and any other construction here would be to overturn and repudiate the elementary proposition of law that "a wrongful act and a wrongful intent must concur to constitute what the law deems a crime." Gordon v. State, 52 Ala. 308, 23 Am. Rep. 575. It is true in the charge here intent is not an essence of the offense; but the wrongful act

---

[1] Ante, p. 80.     [2] Ante, p. 9.     [3] Post, p. 408.

complained of, if committed knowingly, would necessarily carry with it the intent of a criminal nature, for to act knowingly in defiance of any law of the land is to manifest a criminal intent, and the presumption is; and necessarily must be, that "every person intends to do what he does, and that the natural, necessary, and probable consequences of his acts were intended." In the instant case, however, there is no evidence showing or tending to show that the defendant knowingly permitted his cattle to run at large as charged, and we are therefore of the opinion, in the face of the affirmative and undisputed evidence that he did not so permit his cattle to run at large, that the court erred in refusing the general charge requested by the defendant.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.