### COURSON v. STATE.   (5 Div. 372.)

(Court of Appeals of Alabama.  May 30, 1922.)

Criminal law ⟺1086(1)—Circuit court judgment, reciting trial on warrant returnable before county court, reversed.

A judgment of the circuit court, reciting a trial therein on a warrant made returnable before the county court, must be reversed, where the appeal is on the record, which contains no judgment of the county court, or appeal bond therefrom to the circuit court, and

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Post, p. 620.

there is nothing to support the circuit court judgment.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Tom M. Courson was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

H. A. Ferrell and Frank De Graffenried, both of Seale, for appellant.

So far as appears from this record, the trial was abortive, and the judgment should be reversed. Acts 1909, § 32, p. 92; 10 Ala. App. 167, 64 South. 639; 10 Ala. App. 191, 64 South. 637; 5 Ala. App. 167, 59 South. 325; 17 Ala. App. 396, 85 South. 831.

Harwell G. Davis, Atty. Gen., for the State.

A defendant may be tried on the same warrant or affidavit in liquor cases. 81 South. 179.

MERRITT, J. The appeal in this case is on the record, without a bill of exceptions. The record contains an affidavit charging a violation of the prohibition law, and the warrant is made returnable before the county court of Russell county. The judgment of the circuit court of Russell county recites a trial in said court on a warrant, but there is no judgment of the county court in the record, nor appeal bond from the county court to the circuit court, and from aught appearing in the record the prosecution is still pending in the county court. There is nothing in the record to support the judgment in the circuit court. In line, therefore, with the uniform holding in this court, the judgment appealed from must be reversed. Haynes v. State, 5 Ala. App. 167, 59 South. 325; Jacobs v. State, 17 Ala. App. 396, 85 South. 837; Mims v. State, 17 Ala. App. 276, 84 South. 394; Guin v. State, 17 Ala. App. 293, 84 South. 863.

Reversed and remanded.