### HALL v. STATE.   (5 Div. 427.)

(Court of Appeals of Alabama.   April 3, 1923.)

1. **Criminal law** ⬅1110(8) — **Circuit court's return to appellate court held not part of record on appeal, because not responsive to writ of certiorari.**

In response to a writ of certiorari to bring up the entire record of the circuit court, a writ certifying that "foregoing [paper] is an exact copy of appeal bond made and filed by" accused, and further certifying that the instant cause was docketed after appeal taken, *held* not responsive to the writ, and hence not part of the record on appeal.

2. **Criminal law** ⬅1110(8)—**Clerk's supplemental return on writ of certiorari held not part of record on appeal, in absence of permission to clerk to file such return.**

Where, in response to a writ of certiorari to bring up the entire record from the circuit court in a prosecution for violating prohibition laws, the clerk made and certified his return on December 8, 1922, a supplemental return, made on January 20, 1923, *held* not part of the record on appeal, where the Court of Appeals did not grant permission to the circuit court clerk to file such supplemental return.

3. **Criminal law** ⬅1110(8)—**Granting of motion to strike from record on appeal return not properly part of record held of no force in determination of appeal.**

The granting of a motion on appeal to strike from the record a return from the clerk of the lower court not properly a part of the

record on appeal, either on the ground that the return is not responsive to writ of certiorari or that a previous return was sent up and no permission given to do so, *held* of no moment in the determination of the appeal.

**4. Criminal law ⬦═260(4)—In a liquor prosecution, begun in county court, circuit court acquires no jurisdiction, if statutes not complied with.**

In a prosecution of a violation of prohibition laws, begun in the county courts, the jurisdiction of the circuit court on appeal is dependent on the statutes, and when they are not complied with the circuit court acquires no right or power over such prosecutions.

**5. Constitutional law ⬦═257—Courts have no authority to place person on trial, except on legal process.**

A defendant is entitled under the Constitution to demand due process, and courts have no authority to place a person on trial, except on process authorized by law.

**6. Criminal law ⬦═260(3)—Where liquor prosecution is begun by affidavit and warrant returnable to county court, accused must stand trial there, and after conviction may appeal to circuit court.**

In prosecutions for violation of the prohibition law, as defined by Acts 1909, p. 63, where the original prosecution is begun by original affidavit and warrant returnable to the county court, by section 32 of said act, defendant must stand trial, and after conviction may appeal to the circuit court.

**7. Criminal law ⬦═260(4) — Unless appeal from conviction in county court for liquor violation is taken as provided by statute, judgment of county court is final.**

Unless an appeal to a circuit court from a conviction in a prosecution of a violation of the prohibition laws, begun in the county court by original affidavit and warrant returnable to that court, as provided in Acts 1909, p. 63, § 32, is taken as provided in said act and Code 1907, § 6726, the judgment is final.

**8. Criminal law ⬦═260(4)—Process to transfer liquor case from county court to circuit court stated.**

The process necessary to transfer a prosecution for a violation of the prohibition law, begun in the county court by original affidavit and warrant, and to give the circuit court jurisdiction, is not the giving of an appearance bond, as in cases of appeal as provided in Code 1907, § 6725, but is the proceeding had in the county court, including the judgment, reciting the appeal certified as correct and filed in the circuit court.

**9. Criminal law ⬦═1086(2) — Conviction reversed, where record does not disclose how circuit court obtained jurisdiction.**

Where accused was convicted in the county court on a charge of violating the prohibition law, and on appeal to the circuit court his conviction was affirmed, the judgment will be reversed in the appellate court, where the record does not disclose how the circuit court obtained jurisdiction.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Charlie Hall was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Frank M. De Graffenried, of Seale, for appellant.

For failure of compliance with the statute, the judgment must be reversed. Code 1907, § 6730; 93 South. 223; Acts 1909, p. 92, § 32; 5 Ala. App. 167, 59 South. 325; 10 Ala. App. 191, 64 South. 637; 17 Ala. App. 276; 17 Ala. App. 293, 84 South. 863; 17 Ala. App. 396; 17 Ala. App. 430; 17 Ala. App. 655, 88 South. 47.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The appeal is on the record, which shows affidavit charging violation of the prohibition law; warrant issued by L. H. Boykin, county judge, returnable to county court; a judgment of the circuit court of Russell county, based upon the verdict of a jury finding defendant guilty and affixing a penalty. On appeal to this court, the state was awarded a writ of certiorari to bring up the entire record, and in response to that writ the clerk of the circuit court makes return as follows:

"To the Honorable the Court of Appeals of Alabama:

"I, R. H. Holland, clerk of the circuit court of Russell county, Alabama, in answer to the writ of certiorari that issued out of the Court of Appeals of Alabama on the 24th day of November, 1922, in the above-stated cause, and in response to the mandate of said writ of certiorari, do hereby certify that the judgment of the county court, the appeal bond, and the transcript from the county court in said cause, as required by section 6726 of the Code of Alabama, are not on file and have never been on file in the circuit court of Russell county, Alabama, nor in my office as clerk of the circuit court of Russell county, Alabama.

"I further certify that the judge of the county court did not make out and hand to me any transcript of the proceedings in the county court, together with the appeal bond, as required by section 6726 of the Code of Alabama, in the above cause, nor any other cause that has ever been appealed from the county court of Russell county, Alabama, to the circuit court of Russell county, Alabama.

"I further certify that the transcript of the record of the circuit court of Russell county, Alabama, filed in the Court of Appeals of Alabama on the 20th day of November, 1922, is a full, complete, and exact transcript of the record of all the papers, documents, instruments, and records that were used upon the trial of said case in the circuit court of Russell county, Alabama, all of which, together with the writ

of certiorari that issued in this cause, is hereby certified to the Court of Appeals of Alabama.

"In witness whereof, I hereunto set my hand and seal of office at Seale, Alabama, on this the 8th day of December, 1922. [Signed] R. H. Holland, Clerk of the Circuit Court of Russell County, Alabama."

On January 24, 1923, there is filed in this court the following:

"The State of Alabama, Russell County.

"Know all men by these presents, that we, Charlie Hall, Laura Smith, W. S. Wright, and W. N. Richards, are held and firmly bound unto the state of Alabama in the sum of seven hundred and fifty and 00/100 dollars, for the payment of which, well and truly to be made, we jointly and severally bind ourselves, our heirs, executors, and administrators. Sealed with our seals and dated this the 7th day of November, 1921.

"The condition of the above obligation is such that, whereas, on the 7th day of November, 1921, in the county court of Russell county, Alabama, a judgment of conviction was rendered in favor of the state of Alabama, and against Charlie Hall, in a prosecution in said court for the offense of violating the prohibition law, in which the state of Alabama was plaintiff, and Charlie Hall was defendant, from which judgment said Charlie Hall has applied for and obtained an appeal to the circuit court of Russell county, Alabama;

"Now, therefore, if the said Charlie Hall shall prosecute said appeal to effect, or if he shall fail in said appeal, he shall pay such judgment and execute such sentence as may be rendered against him by the said circuit court of Russell county, Alabama. Then, in either of said events, this bond shall be null and void; otherwise, it shall remain of full force and effect.

| | |
|---|---|
| "Charlie Hall. | [Seal.] |
| "Laura Smith. | [Seal.] |
| "W. S. Wright. | [Seal.] |
| "W. N. Richards. | [Seal.] |

"Taken and approved this the 7th day of November, 1921.

"L. H. Boykin, Judge."

"The State of Alabama, Russell County.

"I, R. H. Holland, clerk of the circuit court of Russell county, Alabama, hereby certify that the foregoing is an exact copy of the appeal bond made and filed by Charlie Hall in the case of the State v. Charlie Hall for the purpose of getting his case appealed from the county court of Russell county, Alabama, to the circuit court of Russell county, Alabama. I further certify that said bond is now in my possession and was in my possession at the time of the trial of said case in the circuit court of Russell county, Alabama, and that said case was docketed by me on the trial docket of said circuit court after said appeal was taken.

"Witness my hand and the seal of the circuit court of Russell county, Alabama, this the 20th day of January 1923. [Signed] R. H. Holland, Clerk Circuit Court of Russell County, Alabama."

Motion is made to strike this last paper from the records of this court, and the cause is submitted on motion and merits.

[1, 2] As we view it, this motion to strike must be granted. In the first place, it is not in response to the order of the court granting the writ of certiorari. In the next place, the return to the writ had already been made and duly certified, and no order of this court granting permission to file a supplemental return had been requested or made. The paper has no proper place in the record of this case in this court. Let it be stricken.

[3, 4] But, in view of the importance of this question, constantly arising in cases of this character, we feel constrained to say that the granting of the motion to strike is of no moment in the determination of this appeal. In cases of this character, begun in the county courts, the jurisdiction of the circuit court is dependent on the statutes, and when these statutes are not complied with the circuit court acquires no right or power over them.

[5, 6] A defendant is entitled under the Constitution to demand due process, and courts have no authority to proceed to place a person on trial, except upon process authorized by law. In prosecutions for a violation of the prohibition law, as defined by Acts 1909, p. 63, where the original prosecution is begun by original affidavit and warrant returnable to the county court, by section 32 of said act, the defendant must stand trial, and after conviction, if he so elect, he may appeal to the circuit court. Alford v. State, 170 Ala. 178–220, 54 South. 213, Ann. Cas. 1912C, 1093.

[7, 8] Unless the appeal is taken in accordance with the requirements of the act and section 6726 of the Code of 1907, the judgment is final. The process necessary to transfer the case and to give the circuit court jurisdiction is not the giving of an appearance bond, as is provided for in case of appeal by section 6725, Code 1907, but is the proceedings had in the county court, including the judgment reciting the appeal certified as correct and filed in the circuit court. The procedure is so very simple as to make further explanation seem useless.

[9] Under the above and our former decisions, the judgment must be reversed, and the cause remanded. Mims v. State, 17 Ala. App. 276, 84 South. 394; Guin v. State, 17 Ala. App. 293, 84 South. 863; Jacobs v. State, 17 Ala. App. 396, 85 South. 837; Courson v. State, 18 Ala. App. 538, 93 South. 223.

Reversed and remanded.