## UPSHAW v. STATE. (5 Div. 397.)

(Court of Appeals of Alabama. May 8, 1923.)

1. **Criminal law ⊜1081½ — Circuit court clerk's second return to writ of certiorari stricken.**

Where, after the clerk of the circuit court had made return to writ of certiorari that no papers in the case from the county court were or had been on file in his office, he, without issuance of an alias writ, made further return, it will on motion be stricken from the record.

2. **Criminal law ⊜1086(1) — Circuit court judgment on affidavit and warrant issued out of county court reversed.**

Judgment of conviction in the circuit court is without support and will be reversed, where the record shows trial was on an affidavit and warrant that issued out of the county court, but shows no judgment in the county court.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Margolius Upshaw was convicted of assault and battery, and he appeals. Reversed and remanded.

Frank M. De Graffenried, of Seale, for appellant.

An appeal being taken from the county court to the circuit court, the record here

should show the judgment of the county court. Acts 1909, p. 92; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Lee v. State, 10 Ala. App. 191, 64 South. 637; Mims v. State, 17 Ala. App. 276, 84 South. 394; Guin v. State, 17 Ala. App. 396, 84 South. 863; Peeples v. State, 17 Ala. App. 436, 84 South. 859; Latikos v. State, 17 Ala. App. 655, 88 South. 47; Courson v. State, 18 Ala. App. 538, 93 South. 223.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. [1] The appeal in this case is on the record without bill of exceptions. The record shows that the appellant, defendant in the court below, was tried upon an affidavit and warrant that issued out of the county court of Russell county. On November 24, 1922, this court upon motion of the state awarded a writ of certiorari directing the clerk of the circuit court of Russell county to certify to this court a full and complete copy of the judgment in the county court, also transcript in county court as required by section 6726 of the Code, also appeal bond to the circuit court. On December 8, 1922, the clerk of the circuit court in response to the mandate of the writ of certiorari certified that the judgment of the county court, the appeal bond, and the transcript of proceedings in this cause from the county court were not on file and had never been on file in his office. Without the issuance of an alias writ of certiorari the clerk certified to this court on January 20, 1923, a copy of an appeal bond to the circuit court made by defendant in this cause, and that said bond was then in his possession and was in his possession at the time of the trial of said case in the circuit court, and that said case was docketed by him on the circuit court trial docket after the appeal was taken. The motion to strike from the record this return of the clerk made on January 20, 1923, is granted on the authority of Charlie Hall v. State, ante, p. 178, 95 South. 904.

[2] The record shows no judgment in the county court, and there is nothing to support the judgment of conviction in the circuit court. The judgment appealed from is reversed and the cause remanded. Courson v. State, 18 Ala. App. 538, 93 South. 223; Haynes v. State, 5 Ala. App. 167, 59 South. 325; Jacobs v. State, 17 Ala. App. 396, 85 South. 837; Mims v. State, 17 Ala.

App. 276, 84 South. 394; Guin v. State, 17 Ala. App. 293, 84 South. 863.

Reversed and remanded.