(104 So. 775)

### MILLER v. STATE. (7 Div. 996.)

(Court of Appeals of Alabama. May 26, 1925.)

**Criminal law ⬤➡1086(2)—Conviction reversed, where record does not disclose how circuit court obtained jurisdiction.**

Where accused was convicted in county court on charge of violating the Prohibition Law, and on appeal to circuit court his conviction was affirmed, judgment will be reversed in Court of Appeals, in view of Code 1907, § 6726, where record did not disclose how circuit court obtained jurisdiction.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Marvin Miller was convicted of violating the Prohibition Law, and he appeals. Reversed and remanded.

Knox, Acker, Dixon & Sims, of Talladega, for appellant.

On appeal from the county court to the circuit court it is necessary that certified copy of the proceedings be sent to the circuit court. Code 1907, § 6725; McLosky v. State, 210 Ala. 458, 98 So. 708; Hall v. State, 19 Ala. App. 178, 95 So. 904.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The complaint, filed by the solicitor in the circuit court, contains the statement, to wit: "On appeal from the county court." We gather from this, and also from statements in brief of counsel, as well as from certain orders by this court, that this prosecution originated in the county court. There is nothing in the transcript, other than above, to show this fact, as none of the proceedings in the county court, if such were had, are incorporated in this record, as the law requires. Code 1907, § 6726.

Before a submission in this court of this case was had, an application was made for a writ of certiorari; the writ was awarded directing the clerk of the circuit court of Talladega county to send up instanter the judgment in the county court, also transcript of the entire proceedings in the county court, as required by section 6726 of the Code

of 1907. In answer to the writ of certiorari, the clerk aforesaid certifies "that no judgment in the county court or certified transcript from the county court is on file in this office," etc. Under this status, the judgment of conviction, appealed from in the circuit court, cannot stand, and is reversed, and the cause remanded. See Hall v. State, 19 Ala. App. 178, 95 So. 904, which authority is conclusive of this appeal. The status of the two cases is identical and in point. Other questions need not be considered.

Reversed and remanded.