181 So. 709

## JAMES v. STATE.

### 7 Div. 316.

Court of Appeals of Alabama.

May 24, 1938.

E. W. Harmon, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The constitution of this State, section 6, provides that no person shall be deprived of life, liberty or property, except by due process of law; and, as has been often stated, "it is the manifest purpose of this provision to accord to the citizen security against the arbitrary action of those in authority, and to place him under the protection of the 'law of the land,' which is synonymous with the expression, 'due process of law.'"

In order that it may be affirmatively ascertained that due process of law prevails in every criminal case, the statute makes it incumbent upon the appellate courts, without assignment of error, to "consider all questions apparent on the record," and to see that in all things the proceedings as shown by the record are regular. Code 1923, Section 3258.

The appeal here purports to be from a judgment of conviction of the circuit court of Calhoun County. The record before us fails to disclose upon what process, if any, the appellant was tried, or the judgment of conviction was based. No complaint, affidavit, warrant, or indictment, appears in the record, and the necessary due process of law is not affirmatively shown. By the record, as here submitted, we are to be governed in the consideration of the appeal, and, as stated, it not appearing that circuit court, by any process, ever acquired jurisdiction to try and determine this case, its purported judgment cannot prevail or be put into force and effect.

This court is committed to the proposition that where a prosecution is begun in the county court and the prosecution is continued by appeal to the circuit court, there to be tried de novo, the record in this court on appeal must show a compliance with Sections 3837, 3838 and 3839 of the Code of 1923, in order to give the circuit court jurisdiction of the person. In the absence of a showing to this effect in the record the judgment of the circuit court is void because of a lack of due process, and for that reason the judgment of the circuit court will be reversed. Such was the holding in Hill v. State, 23 Ala.App. 547, 129 So. 299; Warren v. State, 23 Ala. App. 548, 129 So. 299, in opinions by Rice, Judge; Haynes v. State, 5 Ala.App. 167, 59 So. 325, by De Graffenried, Judge; Hall v. State, 19 Ala.App. 178, 95 So. 904, by Samford, Judge; Courson v. State, 18 Ala.App. 538, 93 So. 223, by Merritt, Judge; Miller v. State, 20 Ala.App. 625, 104 So. 775, by Bricken, P. J.; Latikos v. State, 17 Ala.App. 655, 88 So. 47, by Merritt, Judge; Jacobs v. State, 17 Ala.App. 396, 85 So. 837, by Bricken, P. J.; Guin v. State, 17 Ala.App. 293, 84 So. 863, by Merritt, Judge; Russau v. State, 15 Ala.App. 120, 72 So. 596, by Brown, Judge; and many other decisions in which the judgments of the circuit court have been reversed because of a failure to show jurisdiction of the person by due process of law.

So far as we are able to find, the only case expressing the view that the appeal should be dismissed is in an opinion appearing in Lee v. State, 10 Ala.App. 191, 64 So. 637, on application for rehearing, which expression was not necessary to a decision in that case, and is therefore dictum. Even this dictum is based upon Gunter v. Mason, 125 Ala. 644, 27 So. 843; Adams v. Wright, 129 Ala. 305, 30 So. 574; Illinois Central Railroad Co. v. Burleson, 4 Ala.App. 384, 59 So. 230; Central of Georgia Railway Co. v. Coursen, 8 Ala.App. 589, 62 So. 977. All of which cases were in civil actions where the amount involved was not within the original jurisdiction of the circuit court and required an appeal bond to give the circuit court jurisdiction of the subject matter. As we take it, this dictum in Lee v. State, supra, is not an authority in this case.

In the instant case the crime charged is one over which the circuit court is given original jurisdiction, and in the case of Russau v. State, 15 Ala.App. 120, 72 So. 596, the distinction between a case in which the circuit court has original jurisdiction and one it has no such jurisdiction is pointed out by Brown, Judge, in the following language: "The offense of petit larceny is one over which the circuit court is given original jurisdiction, and for this reason the judgment of the court is not void, and will support an appeal. Ex parte Rodgers, 12 Ala.App. 218, 67 So. 710. This fact distinguishes the case from Gunter v. Mason, 125 Ala. 644, 27 So. 843, and others following the principles there announced. The amounts in controversy in those cases were under the minimum jurisdiction of the circuit court, and not within its original jurisdiction."

It would appear, therefore, that in all of these cases where the opinions of the Court of Appeals have used the expression "the judgment is void" is an inapt expression, and should read—the judgment is erroneous.

We think this case should be put back on the docket and the judgment reversed for the error apparent in the record.

It is stated to be a general rule that where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked. Error in the determination of questions of law or fact upon which the court's jurisdiction in the particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction. 33 Corpus Juris, 1078 (39).

In the instant case, the circuit court has general jurisdiction and the defendant in person was before the court and entered his plea of not guilty, therefore, in rendering judgment and assuming jurisdiction without proper proceedings, the judgment must be reversed.

The opinion rendered in this case and promulgated on April 12, 1938, is hereby recalled and held for naught, and the foregoing opinion substituted.

Reversed and remanded.